Filed 2/10/26  P. v. Iniguez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>SABAS INIGUEZ,<br><br>     Defendant and Appellant. | E083456<br><br>(Super.Ct.No. FVI901482)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael Dauber, Judge.  Reversed and remanded with instructions.

David L. Polsky, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, James M. Toohey, and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Sabas Iniguez appeals from the order of the San Bernardino County Superior Court summarily denying his Penal Code section 1172.6 petition for resentencing.[1]  We will reverse and remand with instructions to issue an order to show cause and to hold an evidentiary hearing.

## BACKGROUND

The facts leading to defendant's conviction and some details of his sentencing are taken from his appeal from the judgment in case No. E067733 (*People v. Iniguez* (June 16, 2017, E067733) [nonpub. opn.] (*Iniguez*)).

Defendant worked for a group of drug distributors employed by the Sinaloa drug cartel.  After law enforcement seized 13 pounds of methamphetamine from defendant's group, the supplier began demanding payment for the drugs and threatening them and their families.  Defendant's distribution group responded by kidnapping the supplier and two of his men, killing the supplier and one of the men, and attempting to kill the other man.  Defendant participated in the crimes by acting as a lookout.  (*Iniguez*, *supra*, E067733.)

In 2012, a jury found defendant guilty of two counts of first degree murder (§ 187, subd. (a), counts 1 & 2), one count of willful, deliberate, and premeditated attempted murder (§§ 664, 187, subd. (a), count 3), three counts of kidnapping for ransom (§ 209,

---

[1] Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).  For the sake of simplicity, we will refer to the provision by its new numbering.  All further statutory references are to the Penal Code.

subd. (a), counts 4, 5, & 6), three counts of kidnapping for the purpose of committing robbery and/or murder (§ 209, subd. (b)(1), counts 7, 8, & 9), and one count of participation in a street gang (§ 186.22, subd. (a), count 10).

The jury also found true (i) a robbery-murder and a kidnapping-murder special circumstance in connection with the murder counts (§ 190.2, subd. (a)(17)(A) & (B)); (ii) a gang enhancement as to counts 1 through 9 (§ 186.22, subd. (b)(1); and (iii) an enhancement as to counts 4 through 6 for the discharge of a firearm by a principal in a gang-related crime causing great bodily injury or death (§ 12022.53, subds. (d), (e)(1)).

After the jury's verdict, defendant and the People entered into a sentencing agreement in which defendant received a total prison term of 50 years to life and dismissal of counts 4, 5, and 6 in exchange for defendant's testimony against two of his alleged accomplices. The trial court sentenced defendant in keeping with that agreement. We affirmed the judgment. (*Iniguez*, *supra*, E067733.)

In August 2022, defendant filed a section 1172.6 petition for resentencing that was opposed by the People. At the February 2024 prima facie hearing, the trial court denied the petition and defendant appealed.

## DISCUSSION

On appeal, defendant argues and the People concede that reversal of the order summarily denying defendant's section 1172.6 petition is called for because the jury was given instructions that permitted it to find defendant guilty of murder under the felony murder rule or under the natural and probable consequences doctrine, and allowed him to

3

find him guilty of attempted murder under the natural and probable consequences doctrine. We agree.

A. *Statutory Backdrop*

In 2018, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019) that amended sections 188 and 189 to significantly limit the reach of the felony-murder rule and to eliminate the natural and probable consequences doctrine in cases of first and second degree murder as it applies to aiding and abetting. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) The bill also added section 1172.6 to provide a procedural mechanism for defendants who could no longer be convicted of murder because of the amendments to petition for retroactive relief. (Sen. Bill No. 775 (2021–2022 Reg. Sess.); *Lewis, supra*, at p. 959.)

The Legislature later amended section 1172.6 effective January 1, 2022, to provide resentencing relief to defendants convicted of attempted murder under the natural and probable consequences doctrine. (Sen. Bill No. 775; Stats. 2021, ch. 551, § 2; § 1172.6, subd. (a)(1); *People v. Rodriguez* (2024) 103 Cal.App.5th 451, 457.)

To obtain section 1172.6 resentencing relief with respect to a murder or attempted murder conviction, a defendant must file a petition that alleges (i) a complaint, information, or indictment was filed against defendant that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine; (2) the defendant was convicted of murder or attempted

4

murder following a trial; and (3) the defendant could not now be convicted of murder or attempted murder because of the changes made to sections 188 and 189, effective January 1, 2019.  (§ 1172.6, subd. (a).)

As relevant here, section 189 as amended effective January 1, 2019, provides that a participant in the perpetration of a robbery or kidnapping (or attempted perpetration of those crimes) in which a death occurs is liable for first degree murder only if it is proven that the participant was the either (i) the actual killer; (ii) was not the actual killer but with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of the first degree murder; or, (iii) was a major participant in the underlying felony and acted with reckless indifference to human life.

Upon receipt of a petition that sets forth the required allegations, the trial court must conduct a prima facie analysis and hearing to determine the defendant's eligibility for relief.  (§ 1172.6, subds. (b)(3) & (c); *People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*); *Lewis*, *supra*, 11 Cal.5th at pp. 957, 960.)  Although the court should not reject the petition's factual allegations without first conducting an evidentiary hearing, it may make a credibility determination adverse to the defendant if the court's own documents refute those allegations.  (*Lewis*, at p. 971.)

We review de novo the trial court's denial of a section 1172.6 petition at the prima facie stage.  (*People v. Coley* (2022) 77 Cal.App.5th 539, 545.)

B. *Defendant's Section 1172.6 Petition Seeking Resentencing on His Murder Convictions*

Defendant filed a form petition seeking resentencing on his two murder convictions that set forth the allegations required by subdivision (a) of section 1172.6 and the trial court appointed counsel to represent him.  In briefing submitted for the prima facie hearing, defendant argued he could not presently be convicted because he was not present when the murders took place.  The People opposed the petition on the grounds that the jury found true the special circumstances that the murders were committed during the commission of a robbery and kidnapping and on the ground that defendant was a major participant in the robbery and kidnapping who acted with reckless indifference.

At the prima facie hearing, the trial court stated that it had reviewed the parties' argument, the jury instructions, and the jury's verdicts.  The court focused on the special circumstance robbery instruction (CALCRIM No. 703) given to the jury.  The instruction directs the jury that, if it decides the defendant is guilty of first degree murder but was not the actual killer, then they must consider the special circumstance of murder during the commission of a robbery or kidnapping and decide (i) if the defendant acted with the intent to kill, or (ii) whether the defendant was a major participant in the crime before or during the killing and, whether defendant acted with reckless indifference to human life during that participation.

The trial court went on to acknowledge that the jury had been given instructions on the felony murders, including one that "also noted natural and probable consequence." The court also said that "there was plenty of natural and probable consequence instructions" given and that the kidnapping special circumstance instruction included

6

natural and probable consequences. Even so, it denied defendant's petition "based on the robbery special circumstances, which natural and probable consequence was not given in that instruction." In other words, it appears the trial court found that giving instructions that allowed the jury to find defendant guilty of murder based on theories of liability that had been abrogated by Senate Bill No. 1437 was harmless because the jury also received instructions on the still valid theories of being a major participant who aided and abetted with an intent to kill or acted with reckless indifference to human life. (§ 1172.6, subd. (a)(3) [no eligibility for resentencing relief if the defendant could presently be convicted of murder or attempted murder despite the amendments to sections 188 and 189 that became effective Jan. 1, 2019].)

The difficulty here, however, is defendant was convicted in 2012, well before California's Supreme Court issued its decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). *Banks* clarified the law concerning major participant findings by identifying a series of considerations to assist in the inquiry whether a defendant is a "major participant." (*Banks*, *supra*, at pp. 798–804.) *Clark* reiterated the *Banks* elements and substantially clarified the considerations relevant to determining whether a defendant acted with reckless indifference to human life. (*Clark*, *supra,* at pp. 611–623.)

In *People v. Strong*, the Supreme Court held that (i) unless a felony murder defendant was tried after *Banks*, a major participant finding will not defeat an otherwise valid prima facie case for section 1172.6 resentencing relief and, (ii) unless a defendant was tried after *Clark*, a reckless indifference to human life finding will not defeat an

7

otherwise valid prima facie case for such relief. (*People v. Strong* (2022) 13 Cal.5th 698, 721.) Because defendant was convicted before *Banks* and *Clark*, the special circumstance findings that he was a major participant who acted with reckless indifference to human life do not preclude him from establishing a prima facie case for resentencing relief.

C. *Defendant's Attempted Murder Conviction*[2]

As to defendant's conviction for attempted murder, the parties agree with the trial court that the jury found true the allegation as charged that defendant committed that crime willfully, deliberately, and with premeditation.

But, as the parties point out, the instructions given to the jury on that issue did not require the jury to find that defendant personally intended to kill the victim of the attempted murder. Rather, the jury was instructed that the "defendants" were charged with attempted murder, a crime that required the intent of "a defendant" to kill and for a defendant to take a direct but ineffective step to that end. Because the jury was provided with the abrogated natural and probable consequences instructions and because the instructions given with respect to the still valid aiding and abetting instructions only required a finding that one of the defendants harbored and intent to kill, the trial court erred when it denied defendant the opportunity for resentencing on his attempted murder conviction.

---

[2] Although defendant's section 1172.6 petition did not request resentencing with respect to his attempted murder conviction, that issue was decided by the trial court, and the parties addressed the issue on appeal and agree that the court erred when it summarily denied resentencing on that conviction.

**DISPOSITION**

The trial court's orders denying defendant's section 1172.6 petition for resentencing on his convictions for murder and attempted murder are reversed and the matter is remanded to the trial court with instructions to issue an order to show cause and hold an evidentiary hearing on the petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                                P. J.


We concur:

MILLER
                        J.
CODRINGTON
                        J.

9